Warren V. Norred, TX Bar 24045094
Eggleston Flowers & King, LLP
102 Houston Avenue
Weatherford, Texas 76086
T: 817-596-4200; F: 817-549-0161
ATTORNEY FOR ROGER AND MARCELLA BONNEMA

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| ARCHER DALE BONNEMA § | CASE NO. 11-41606 | |
|     Debtor § | CHAPTER NO.: 11 | |
| § | | |
| ROGER BONNEMA and § | Objection to Discharge of Debt | |
| MARCELLA BONNEMA § | under 11 USC § 727(a)(2) and | |
|     Plaintiffs § | 11 USC §§ 727(a)(4)(A) | |
| V. § | | |
| § | Adversary: _____ | |
| ARCHER DALE BONNEMA § | | |
|     Defendant § | | |

**OBJECTION TO DISCHARGE, EXEMPTIONS AND SCHEDULES and
DETERMINATION OF SECURED STATUS UNDER § 506**

TO THE HONORABLE CHIEF JUDGE BRENDA T. RHOADES:

  COME NOW ROGER AND MARCELLA BONNEMA, Creditors and now Plaintiffs in the above-entitled and numbered case, objecting to discharge of Debtor under 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A), exemptions claimed by Debtor under Rule 4003, and requesting recognition of Plaintiffs' claims as secured under 11 U.S.C. § 506, and would respectfully show the Court:

**I.    JURISDICTION**

1.    Jurisdiction of this matter is conferred on the Court by 28 U.S.C. § 1334 and 11 U.S.C. § 727. The non-dischargeability claim and objections constitute a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §1408 and § 1409.

## II. PARTIES

2. Plaintiffs/Creditors are Roger Bonnema and Marcella Bonnema, Creditors in the above entitled and numbered bankruptcy case, and citizens of Minnesota. They are also Debtor's parents. They have submitted a proof of claim in the above-numbered bankruptcy case.

3. Defendant/Debtor Archer Dale Bonnema is an individual who at all times relevant herein has been a resident of the City of McKinney, County of Collin, State of Texas.

## III. BACKGROUND

### A. Debtor's Homestead Exemption

4. Plaintiffs are also plaintiffs against Debtor in a suit to determine the ownership and respective rights regarding Debtor's claimed homestead in the 417th District Court, Collin County, Texas. Cause No. 417-01801-2011, *Marcella June Bonnema and Roger Bonnema v. Archer D. Bonnema and Sherry Bonemma* ("Suit").

5. This Court has recently lifted the Automatic Stay with respect to the Suit.

6. The outcome of the Suit will determine the rights of the parties with respect to the alleged homestead, a $1.5 million home in which Plaintiffs provided more than $400,000 to purchase the lot and assist with construction.

7. Debtor has listed the alleged homestead on his Schedule A, originally with Debtor's interest in the property listed at $988,000. Debtor later amended his Schedule A to list Debtor's interest at $1,480,000. On both versions, the amount of secured claim is listed in error as $1,888,194.75.

8. Until the Suit is complete, the rights of the parties with respect to the alleged homestead are unknown. It is possible that the state court may determine that Plaintiffs

have an unsecured debt of $432,000, a partnership interest in the property, a secured debt of $432,000, or some other ownership interest therein.

9.  Depending on the Suit's outcome, this Court may be required to determine to what extent any debt owed to Plaintiffs is secured under 11 U.S.C. § 506.

B.  Debtor's Efforts to Hinder Creditors

10. Insurance Policies - Debtor amended his Schedule A on August 24, 2011, asserting ownership of two $1,000,000 life insurance policies on his mother, Marcella June Bonnema, Plaintiff in this action. These include policies numbered BU1163147 and JP5557924. Debtor has yet to file an amended Schedule C to determine his claimed exemption on these policies.

11. Plaintiff Marcella Bonnema, his mother, has stated that she funded Bonnema Investments, Ltd, the family partnership, so it could purchase the policies from Debtor, who sold life insurance at the time. Plaintiff Marcella Bonnema asserts that she should be the owner, not her son the Debtor.

12. Debtor volated his fiduciary duty by purchasing the policies and naming himself owner. As a mere beneficiary (one of four), Debtor is not owner of the policies.

13. Horses - Debtor has listed two horses on his Schedule C "for disclosure purposes only," saying that the horses belong to his wife. He actually owns five; only two are exempt under Texas law.

14. Vehicles - Debtor also listed two cars and a motorcycle on his original Schedule B as belonging to his wife, though the vehicles are clearly community property, jointly managed, along with other assets listed or added in the revised Schedule B. The list of missing assets includes: a piano, a longhorn, livestock trailer, a 2003 Mercedes, 2011

Dodge Pickup, and 2006 Honda Goldwing (jointly owned), an 8% interest in oil and gas properties, as well as ½ of 1% of Abundant Energy, as well as unknown silver and guns.

15. Plaintiff Roger Bonnema owns the 2006 Honda Goldwing. In 2010, he and Debtor agreed that Debtor would sell the motorcycle and send his father the proceeds. Violating his fiduciary duty, Debtor has converted the motorcycle, recording a fraudulent $10,000 payment on the application for Texas certificate of title for the motorcycle, and violating Texas State law. Debtor's father has received no $10,000 payment.

16. Debtor initially sought to hide the existence of a recreational vehicle and attempted to fraudulently transfer it out of the bankruptcy estate to his lawyer, only relenting when creditors objected.

### IV.   ARGUMENT

#### A. Objection to Exemptions

17. Objections to exemptions are governed by Bankruptcy Rule 4003(b), which allows objections to be filed within 30 days after the meeting of creditors is held, or within 30 days after any amendment to the list of exemptions or supplemental schedules are filed. On August 24, 2011, Debtor amended Schedules A, B, I, J, and his Statement of Financial Affairs, extending the deadline to file this Objection to September 23, 2011.

#### B. Basis For Denial of Discharge under 11 U.S.C. § 727

18. Debtor is not entitled to a discharge because he has violated 11 U.S.C. § 727, specifically Sections (a)(2)(A) and (a)(4)(A), which provides:

(a) The court shall grant the debtor a discharge, unless—
> . . . .
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

    (A) property of the debtor, within one year before the date of the filing of the petition; or

. . . .

    (4) the debtor knowingly and fraudulently, in or in connection with the case—
        (A) made a false oath or account;
        (B) presented or used a false claim;

19.    Debtor has declared many of his assets to belong to his wife, and thus unavailable to creditors, including cars, horses and a horse trailer, a piano, and interests in oil and gas leases, as well as his initial attempt to fraudulently transfer a recreational vehicle out of a company that was listed on his schedules has having no value.

20.    Debtor has testified that the above-listed assets have accumulated during the existence of the marriage estate, and provided no reason why these assets should not be part of the bankruptcy estate in accordance with 11 U.S.C. § 541(a)(2).

21.    Debtor declared himself to be an expert on asset protection during a deposition held on April 28, 2011, and therefore is, or should be, aware that his behavior hinders creditors, and indeed, consists only of actions intended to hinder creditors.

22.    An examiner was recently authorized by this Court to scrutinize asset questions. This adversary proceeding has been filed in an abundance of caution, to preserve any objection that the Creditors may have until after the examiner has provided a report.

23.    Many similar claims listed above have been made by the "Weatherford Plaintiffs" in their adversary proceeding numbered 11-04153.

**PRAYER**

24.    Plaintiffs ask that this Court to determine to what extent Debtor's debt to Plaintiffs is secured by the alleged homestead, based on the facts found during the Suit.

25.    Plaintiffs ask that, if the Suit is inconclusive, this Court find Plaintiffs' claim of $432,000 comprises a fully secured constructive lien against Debtor's alleged homestead.

26. Plaintiffs ask for a declaration that the 2006 Honda Goldwing belongs to Roger Marcella, and an order requiring its return to him and transfer of title.

27. Plaintiffs ask for a declaration that the insurance policies on Marcella Bonnema belong to Marcella Bonnema, or in the alternative, Bonnema Investments, Ltd.

28. Plaintiffs ask this Court to deny Debtor a discharge, based on his efforts to hinder creditors, violating 11 U.S.C. § 727(a).

Respectively submitted,

*[signature]*
Warren V. Norred, TX Bar 24045094
Eggleston, Flowers & King, LLP
102 Houston Avenue
Fort Worth, Texas 76086
O: 817.596.4200; F: 817.596.4269
ATTORNEY FOR ROGER AND MARCELLA BONNEMA

**CERTIFICATE OF SERVICE -** I certify that I have on this 23rd day of September, 2011, mailed this document to Debtor and served via ECF to Joyce Lindauer, Debtor's attorney, the US Trustee, and all parties in interest requesting documents in this case.

*[signature]*
Warren V. Norred, TX Bar 24045094